**Zoltan RACZ, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 07–74263.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 6, 2008.*

Filed Oct. 16, 2008.

Steven A. Morley, Esq., Morley Surin & Griffin, PC, Philadelphia, PA, for Petitioner.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, U.S. Department of

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: WARDLAW, W. FLETCHER and RAWLINSON, Circuit Judges.

MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for relief under former § 212(c) of the Immigration and Nationality Act. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of due process violations. *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000). Respondent has moved to dismiss. We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the discretionary decision to deny petitioner § 212(c) relief. *See* 8 U.S.C. § 1252(a)(2)(B)(ii); *Vargas–Hernandez v. Gonzales*, 497 F.3d 919, 923 (9th Cir.2007) ("Discretionary decisions, including whether or not to grant § 212(c) relief, are not reviewable."). Further, petitioner's contentions that the agency improperly weighed the factors in his case, improperly considered the gravity of his criminal offense and failed to follow its own regulations do not state colorable due process claims. *See* 8 U.S.C. § 1252(a)(2)(B), (D); *Vargas–Hernandez*, 497 F.3d at 923.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.